# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50435
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHEN DOUGLAS JULIAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-252-1

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Stephen Douglas Julian, federal prisoner # 35886-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on amendment 782. By moving to proceed IFP, Julian is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50435

A sentencing court is under no obligation at all to reduce a sentence under § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court's decision whether to grant such a motion is reviewed only for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). If the record shows that the district court gave due consideration to the motion as a whole and at least implicitly considered the 18 U.S.C. § 3553(a) factors, then there is no abuse of discretion. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also Evans*, 587 F.3d at 673.

Review of the record in light of pertinent authority shows no abuse of discretion in the district court's disposition of Julian's § 3582(c)(2) motion. Although Julian was eligible for a reduction, the district court was not required to give him one. *See Evans*, 587 F.3d at 673. The district court explicitly noted that it took the § 3553(a) factors into account when considering the motion.

Additionally, it noted his prior offenses and that he manufactured methamphetamine in proximity to a small child and pregnant woman. These facts go to the § 3553(a)(1) concerns of "the nature and circumstances of the offense and the history and characteristics of the defendant." Consequently, the district court acted properly by taking them into consideration. *See Whitebird*, 55 F.3d at 1010. When considered as a whole, the record shows that the district court thoughtfully deliberated upon the motion before denying it and thus did not abuse its discretion. *See id.*

Julian has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED. *See* 5TH CIR. R. 42.2.